1

2

3

4

5

6                            **UNITED STATES DISTRICT COURT**
                                   **DISTRICT OF NEVADA**
7

8    DONALD A. REECE,                          )
                                               )
9                        Petitioner,           )        3:12-cv-00193-RCJ-WGC
                                               )
10   vs.                                        )
                                               )                 ORDER
11   RENE BAKER,                               )
                                               )
12   _____Respondent._____)

13          In this action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, respondents

14   move to dismiss the petition on various grounds. ECF No. 21. The matter is fully briefed.  The motion

15   to dismiss will be granted as discussed below.

16   **I.      Procedural History**

17          Petitioner was convicted of first degree murder with the use of a deadly weapon on March

18   31,1989.  Ex. 3.[1]  Petitioner appealed and his conviction was affirmed on December 20, 1989.  Ex. 7.

19   On February 7, 1991, petitioner filed a petition for post-conviction relief with the state court.  Ex. 9.

20   After appointing counsel and conducting an evidentiary hearing, the petition was denied.  Petitioner

21   appealed.  Ex. 14.  This appeal was also unsuccessful and remittitur issued on November 2, 1994.  Ex.

22   20.

23          Six years later, on December 15, 2010, petitioner filed a Motion for Modification of Sentence

24   arguing his parole had been improperly denied.  Ex. 21.  Petitioner's motion was denied on January 28,

25

26          _____

           [1] The exhibits referenced in this order were submitted by respondents in support of the motion to dismiss
     and are found in the Court's record at ECF No. 20., unless otherwise noted.

1  2011, and his appeal was untimely filed on November 2, 2011.[2] The instant federal action was

2  commenced by petitioner filing a petition for habeas corpus pursuant to 28 U.S.C. § 2241 on April 9,

3  2012.  ECF No. 6.

4  **II.    Discussion**

5       Respondents move to dismiss alleging the petition is untimely, that the grounds for relief do not

6  state a federal claim, that the claims have not been presented to the Nevada Supreme Court and are,

7  therefore unexhausted, or alternatively, that the claims are moot because petitioner was granted the relief

8  he seeks when he was paroled from his primary sentence to this consecutive sentence enhancement.

9       Petitioner opposes the motion, arguing that the defenses raised by respondents do not apply to

10  his § 2241 petition.  He then proceeds to argue the merits of his claims.

11       A.    Construing Petition under § 2254

12       The proper vehicle for a state prisoner seeking to challenge an administrative decision, such as

13  the denial of parole, is a § 2254 petition.  *White v. Lambert,* 370 F.3d 1002, 1005 (9th Cir. 2004)

14  *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).

> [A] proper understanding of the interaction between 28 U.S.C. § 2241 and 28 U.S.C. § 2254 leads us to the conclusion that they apply in different situations. Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." *Walker[ v. O'Brien*], 216 F.3d 626, 633 (7th Cir. 2000) (emphasis in original); *see also* Eric Johnson, An Analysis of the Antiterrorism and Effective Death Penalty Act in Relation to State Administrative Orders: the State Court Judgment as the Genesis of Custody, 29 New Eng. J. on Crim. & Civ. Confinement 153, 168 (2003) ("In contrast to section 2255, section 2254 does not create an alternative to the habeas corpus remedy provided in section 2241; rather, it imposes limitations on this remedy.").

*White*, 370 F.3d at 1006.

---

[2] The specifics of relevant date on the motion to modify sentence are found in the Eighth Judicial District Docket in petitioner's criminal case number 88C85895.

2

1    The Supreme Court's decision in *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333 (1996),

2  recognized that § 2254 put limitations on the federal courts' authority to grant habeas relief to state

3  prisoners.  Moreover, only when a state prisoner is not in custody pursuant to a state court judgment,

4  such as pre-trial detention, can he resort to the use of a § 2241 petition.  *Walker*, 216 F.3d at 633.

5  Thus, the requirements of § 2254 must be met by all state prisoners filing petitions for writs of

6  habeas corpus after conviction.  *White,* 370 F.3d at 1007, *citing Walker*, 216 F.3d at 633; *see*

7  *Greenawalt v. Stewart*, 105 F.3d 1287 (9th Cir. 1997) *(percuriam); see also Hill v. Alaska*, 297 F.3d

8  895 (9th Cir. 2002)(applied successive petition bar to petitioner's new § 2241 claim challenging

9  calculation of his release date)*.* Thus, this Court will apply the limitations and analysis required of a

10  § 2254 petition, rather than one brought under § 2241.

11    B.    Timeliness

12    Despite petitioner's arguments to the contrary, the one-year limitations period imposed by 28

13  U.S.C. § 2242(d)(1) applies to his petition because he is a person who is "in custody pursuant to the

14  judgment of a State court." With respect to the statute of limitations, the habeas corpus statute

15  provides:

16    (d)(1) A 1-year period of limitation shall apply to an application for a
    writ of habeas corpus by a person in custody pursuant to the
17    judgment of a State court.  The limitation period shall run from the
    latest of–
18

19    (A) the date on which the judgment became final by the
    conclusion of direct review or the expiration of the time for seeking
    such review;
20

21    (B) the date on which the impediment to filing an application
    created by State action in violation of the Constitution or laws of the
22    United States is removed, if the applicant was prevented from filing
    by such State action;

23    (C) the date on which the constitutional right asserted was
    initially recognized by the Supreme Court, if the right has been
24    newly recognized by the Supreme Court and made retroactively
    applicable to cases on collateral review; or

25

26

1    (D) the date on which the factual predicate of the claim or
2    claims presented could have been discovered through the exercise of
     due diligence.

3    28 U.S.C. § 2244(d)(1)(A-D).

4    The fact that petitioner is arguing that he was improperly denied parole is of no moment in a

5    timeliness analysis, except that the date the state court denied his motion is the date "on which the

6    factual predicate of the claim or claims presented could have been discovered through the exercise of

7    due diligence." 28 U.S.C. § 2244(d)(1)(D). Thus, petitioner had one year from January 28, 2011,

8    when his motion for sentence modification was denied by the state court, to file the instant petition.

9    The AEDPA limitations period is tolled while a "properly filed application" for post

10   conviction or other collateral relief is pending before a state court. 28 U.S.C. § 2244(d)(2). A

11   "properly filed application" is one in which the "delivery and acceptance are in compliance with the

12   applicable laws and rules governing filings." *Dictado v. Ducharme*, 244 F.3d 724, 726-27 (9th Cir.

13   2001), *quoting Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000). Because petitioner's appeal

14   of the state district court was not accepted as timely, it did not toll the limitations period. *Pace v.*

15   *DiGuglielmo*, 544 U.S. 408,414, 417, 125 S.Ct. 1807 (2005).

16   "When external forces, rather than a petitioner's lack of diligence, account for the failure to

17   file a timely claim, equitable tolling of the statute may be appropriate." *Tillema v. Long*, 253 F.3d

18   494 (9th Cir. 2001) *citing Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Calderon v.*

19   *United States Dist. Court (Kelly)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997), *overruled on other*

20   *grounds by Calderon v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998) (en banc) (petitioner

21   entitled to equitable tolling where petitioner's counsel withdrew and left replacement counsel with

22   unusable work product that made timely filing impossible); *Kelly*, 163 F.3d at 541-42 (petitioner

23   entitled to equitable tolling because the district court ordered a stay preventing petitioner's counsel

24   from filing a timely habeas petition and because petitioner was allegedly mentally incompetent).

25

26

4

1      Petitioner has not offered any argument or explanation as to why he waited eleven months

2 between the denial of his motion for modified sentence and his appeal to the Nevada Supreme Court.

3 Rather, he goes to great lengths to explain why he used the § 2241 petition and to set out the basis

4 for his request to modify his sentence.  Such response cannot overcome the statute of limitations and

5 provides no basis for equitable tolling.  The petition must be dismissed as untimely filed.

6      B.    Exhaustion

7      The petition, analyzed under § 2254 restrictions, is also subject to dismissal on the basis that

8 petitioner has not exhausted his available state court remedies.

9      A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has

10 exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28

11 U.S.C. § 2254(b).[3]  State remedies have not been exhausted unless the claim has been fairly

12 presented to the state courts.  *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979)

13      As previously noted, petitioner did not file a timely notice of appeal and the Nevada Supreme

14 Court rejected his appeal because the untimely notice could not vest the court with jurisdiction.

15 Thus, the claims have not been submitted to the state's highest court.  The available state remedies

16 have not been exhausted as to any of the claims raise.

17      The petition must be dismissed on that basis.

18

---

19    [3] 28 U.S.C. § 2254(b) states, in pertinent part:

        An application for a writ of habeas corpus on behalf of a person in custody

20        pursuant to the judgment of a State court shall not be granted unless it appears

        that: (A) the applicant has exhausted the remedies available in the courts of the

21        State; or (B)(i) there is an absence of available state corrective process; or (ii)

        circumstances exist that render such process ineffective to protect the rights of

22        the applicant.

23                       * * *

24        (c) An applicant shall not be deemed to have exhausted the remedies available

        in the courts of the State, within the meaning of this section, if he has the right

25        under the law of the State to raise, by any available procedure, the question

        presented.

26

1    Should petitioner wish to appeal this decision, he must receive a certificate of appealability.

2    28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-

3    951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).

4    Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to

5    warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473,

6    483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district

7    court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at

8    484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the

9    issues are debatable among jurists of reason; that a court could resolve the issues differently; or that

10   the questions are adequate to deserve encouragement to proceed further. *Id.*

11   Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section

12   2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the

13   order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice

14   of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has

15   considered the issues raised by petitioner, with respect to whether they satisfy the standard for

16   issuance of a certificate of appealability, and determines that none meet that standard.  The Court

17   will therefore deny petitioner a certificate of appealability.

18   **IT IS THEREFORE ORDERED** that the motion to dismiss (ECF No. 21) is **GRANTED**.

19   The petition is untimely and all claims remain unexhausted.  The petition is **DISMISSED WITH**

20   **PREJUDICE.**

21   **IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue.  The Clerk

22   shall enter judgment accordingly.

23   Dated this 30th day of August, 2013.

24

25   _____

26   UNITED STATED CHIEF DISTRICT JUDGE

6